# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Dustin Hayes | ) | CASE NO. 5:17-CV-2035 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID W. GRAY, Warden, | ) | MEMORANDUM OPINION AND |
| Belmont Correctional Institution, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. (ECF #13). The Report and Recommendation, issued on October 22, 2019 is hereby ADOPTED by this Court.

Petitioner's Federal Habeas Corpus Petition under 28 U.S.C. § 2254 (ECF #1) is therefore DENIED.

## **Procedural History**

On September 20, 2017, Petitioner Dustin Hayes filed a petition for a writ of federal habeas corpus under 28 U.S.C. § 2254 in its entirety. (ECF #1). The Respondent, Warden, Belmont Correctional Institution, filed a return of writ on January 18, 2018. (ECF #7). Petitioner filed a traverse to Respondent's return of writ on March 28, 2018. (ECF #9).Magistrate Judge George J. Limbert recommended the Court deny Mr. Hayes' federal habeas petition under 28 U.S.C. § 2254 on October 22, 2019. (ECF #13). Neither party filed objections to the report and

recommendation.

In the his petition, Mr. Hayes raises three arguments: (1) the sentence is contrary to law [O.R.C] 2907.02 Rape in violation of the U.S. Constitutional Amendment Five, Fourteen-Due Process of law, and Eight-cruel and unusual punishment; (2) trial court erred in failing to inform Petitioner of the consequences of his plea, therefore the Petitioner did not enter into his plea knowingly, intelligently, and voluntarily; and (3) Petitioner's plea was not made knowingly, intelligently and voluntarily. (*Id.*).

In the Report and Recommendation, Magistrate Judge George J. Limbert, evaluated the three arguments and determined that, regarding the first argument, the Petitioner did not meet the total exhaustion requirement and the claim was not cognizable on federal habeas corpus review. (*Id.*). Next, the Magistrate Judge found that the Petitioner's other two claims were without merit, after a careful analysis of the plea hearing transcripts showed that the trial judge, the prosecutor and defense counsel discussed that the Petitioner would face a life sentence. (*Id.*).

### Standard of Review for a Magistrate Judge's Report and Recommendations

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's dispositions that has been properly objected to. The district judge may accept, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, neither party objected to the magistrate judge's Report and Recommendation. Accordingly, this Court reviews the Report and Recommendation for a finding of clear error on the face of the record.

### Discussion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Court finds Magistrate Judge Limbert's Report and Recommendation to be thorough, well-written, well-supported, and correct.

Looking to Mr. Hayes' first argument (the sentence is contrary to law [O.R.C] 2907.02 Rape in violation of the U.S. Constitutional Amendment Five, Fourteen, this Court finds the issue is not cognizable on federal habeas corpus review (ECF #13). The "Petitioner did not meet the total exhaustion requirement for this argument because the Ohio Supreme Court did not a 'full and fair opportunity' to rule on this ground for relief." (*Id.*). The Petitioner failed to appeal the issue of his imposed sentence on direct appeal to the Eleventh District Court of Appeals, as the first time he raise this argument was in his appeal to the Ohio Supreme Court. (*Id.*). Further, the argument is only based on perceived error of state law, and "a federal court may not issue a write of habeas corpus on the basis of perceived error of state law." *Pulley v. Harris,* 465 U.S.

37, 41 (1984). Therefore, Petitioner did not properly exhaust his state level remedies and the issue is not cognizable on federal habeas corpus review.

Next, looking to Mr. Hayes' second and third arguments (the trial court erred in failing to inform Petitioner of the consequences of his plea, therefore the Petitioner did not enter into his plea knowingly, intelligently, and voluntarily and Petitioner's plea was not made knowingly, intelligently and voluntarily), this Court finds they are without merit. (ECF #13). Record evidence shows that during the plea hearing, in addition to the language of the plea itself, the prosecutor, defense counsel, and the trial court each discussed or emphasized that the Petitioner would face a life sentence. (ECF #7-1, 13). Therefore, the Petitioner was, and should have been, aware of what type of sentence he faced. (ECF #13).

After careful evaluation of the record and having found no clear error, the Court ADOPTS the Report and Recommendation in its entirety. The Petitioner's Federal Habeas Corpus Petition under 28 U.S.C. § 2254 , therefore, DISMISSED in its entirety with prejudice.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of

Petitioner's claim is debatable or wrong.  Accordingly, the Court declines to issue a certificate of appealability.

       IT IS SO ORDERED.

                                            DONALD C. NUGENT
                                            United States District Judge

DATED: November 19, 2019